Arturo Blancas ALCARAZ; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 07–70990.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007.*

Filed Aug. 24, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also 194 Fed.Appx. 459.

Michael Grim, Law Office of Fernando Quinones, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, M. SMITH, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

This is a petition for review from an order by the Board of Immigration Appeals ("BIA") denying petitioners' motion to reopen the decision finding them ineligible for cancellation of removal. Respondent has moved to dismiss, which we construe as a motion to dismiss and a motion for summary denial of the petition.

The BIA declined to exercise its discretionary authority to grant the motion to reopen sua sponte. Because we do "not have jurisdiction to review the BIA's refusal to reopen deportation proceedings sua sponte," *Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir.2002), respondent's motion to dismiss this petition for review for lack of jurisdiction is granted. To the extent petitioner requests that we overrule *Ekimian*, that request is denied. *See United States v. Rodriguez–Lara*, 421 F.3d 932, 943 (9th Cir.2005) (noting that "a three-judge panel may not overrule [the binding precedent of our circuit] absent intervening Supreme Court or en banc authority").

The BIA did not abuse its discretion in denying petitioners' motion to reopen filed more than a year after the BIA's final order of removal because the motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c); *Rodriguez–Lariz v.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*INS*, 282 F.3d 1218, 1222 (9th Cir.2002) (standard of review).

Finally, petitioners contend for the first time on appeal that the BIA's failure to hold the minor petitioners' applications in abeyance pending potential changes in their parents' status "might present an Equal Protection problem." The BIA decision relied upon by petitioners, *In re Recinas*, 23 I. & N. Dec. 467, 473 (BIA 2002), is plainly distinguishable, because in that case, the adult respondent had been granted relief and the minor petitioners would soon have a qualifying relative for purposes of establishing eligibility for cancellation of removal. Here, the adult petitioners have been denied relief. Summary disposition on this issue is therefore appropriate. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate. All other pending motions are denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**